SLIP OPINION

Cite as 2015 Ark. App. 274

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-14-696

| | |
|---|---|
| ALBERTO DELATORRE<br>APPELLANT | **Opinion Delivered** April 29, 2015 |
| V. | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. CR-2013-1427] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE WILLIAM A. STOREY, JUDGE |
| | REBRIEFING ORDERED |

## BART F. VIRDEN, Judge

A Washington County jury found appellant Alberto Delatorre guilty of being an accomplice to aggravated robbery, and he was sentenced to ten years' imprisonment. His sole argument on appeal is that "[t]he court erred in instructing appellant's counsel to sit down and presumably to shut up following the prosecutor's misconduct in her rebuttal closing argument of accusing appellant's counsel of being dishonest and of telling lies, informing the jury that there had been plea negotiations and stating to the jury that appellant's counsel knows that his client is guilty and where the court otherwise gave credence to and reinforced the prosecutor's misconduct." We cannot address the merits at this time and, instead, order rebriefing.

### I. *Addendum*

Arkansas Supreme Court Rule 4-2(a)(8)(A) (2014) provides that the addendum must include all motions (including posttrial and postjudgment motions) and responses concerning

the order challenged on appeal. Moreover, the addendum shall include any postjudgment motion that may have tolled the time for appeal, and is therefore necessary to decide whether a notice of appeal was timely filed. *Id*.

In his notice of appeal filed on May 22, 2014, Delatorre purports to appeal from the sentencing order entered on March 19, 2014, and from the order denying his motion for new trial entered on May 1, 2014. Delatorre does not, however, include in his addendum his six-page motion for new trial, the State's response to his motion, and the trial court's order denying the motion. Moreover, a motion for new trial would have tolled the time for filing Delatorre's notice of appeal and is therefore necessary for this court to determine its jurisdiction. Ark. R. App. P.–Crim. 2(b)(1) (2014).

## II. *Abstract*

All material parts of all hearing transcripts must be abstracted. Ark. Sup. Ct. R. 4-2(a)(5)(A). Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(5). Depending on the issues on appeal, material information may be found in, for example, counsel's statements and arguments. Ark. Sup. Ct. R. 4-2(a)(5)(A).

Delatorre did not abstract the hearing on his motion for new trial held on April 30, 2014, and instead improperly placed the entire transcript in his addendum. Also, Delatorre did not abstract all material parts of his counsel's closing argument, yet it is directly relevant to his argument on appeal. While his argument is directed at the prosecutor's rebuttal closing

argument, some context is needed because the prosecutor clearly referred to comments made by Delatorre's counsel during his closing argument. Although the State calls this deficiency to the court's attention[1] and insists that this court may go to the record to affirm, we decline to do so in this instance because Delatorre's abstract and addendum are flagrantly deficient.[2]

### III. *Statement of the Case*

The appellant's brief shall contain a concise statement of the case without argument. Ark. Sup. Ct. R. 4-2(a)(6). Delatorre's statement is argumentative in that it provides that "[t]he testimony showed that appellant had not done anything in furtherance of the crime, had not taken anything, had not followed Willis' instructions, and had not said anything to the cab driver or to anyone." The extent of Delatorre's involvement in the commission of the offense was an issue of credibility for the jury to determine,[3] and the jury apparently disagreed with this summation of the facts.

### IV. *Conclusion*

Delatorre has fifteen days within which to file a substituted abstract, addendum, and brief correcting any deficiencies, not limited to those listed above, and that otherwise complies with our appellate rules. Ark. Sup. Ct. R. 4-2(b)(3). We encourage counsel to

---

[1]If the appellee considers the appellant's abstract or addendum to be defective, the appellee's brief should call the deficiencies to the court's attention and may, at the appellee's option, contain a supplemental abstract or addendum. Ark. Sup. Ct. R. 4-2(b)(1).

[2]*See, e.g., Kinard v. State*, 2012 Ark. App. 543.

[3]It is the responsibility of the jury to weigh the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence. *Pruitt v. State*, 2011 Ark. App. 754.

carefully examine the record and review our rules before resubmitting his brief to ensure that no other deficiencies exist. Once Delatorre's substituted brief is filed, the State will be afforded an opportunity to revise or supplement its brief in the time prescribed by the clerk.

Rebriefing ordered.

GRUBER and WHITEAKER, JJ., agree.

*Erwin L. Davis*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.